FRANK COLEMAN v. THE STATE.

No. 3248.    Decided October    18, 1905.

1.—Burglary—Private Residence—Evidence.

On a trial for burglary it was competent to admit in evidence the statements of the defendant that he was at or near the burglarized residence, etc., at the time of the burglary.

2.—Same—Principal—Charge of Court.

Where on a trial for burglary the evidence showed that one H. was seen in the burglarized residence and heard talking to someone, and appellant admitted that he was at the house just on the outside and looked in at the window, etc., a charge upon the law of principals was authorized.

Appeal from the District Court of Robertson.   Tried below before Hon. J. C. Scott.

Appeal from a conviction of burglary of a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief of appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—From a conviction for burglary of a private residence, this appeal is prosecuted. The theory of the State is that Hogan, and appellant, acting together, burglarized the house by breaking it in the night-time. Hogan was seen in the house. The evidence shows that some one was in the house with Hogan, or at least that more than one party ran out of the house when Hogan was detected. Hogan was heard talking to some one while in the house. The facts tend to show that appellant was at the house, either in it or just on the outside. The statements of appellant show with some degree of cogency that he was a participant in the burglary. To the introduction of some of these statements bill of exceptions was reserved. Those set out in the bill are as follows: Appellant stated "that Kate Taylor had told him to tell Hogan to come back from there to her house, and after he got home about 8 o'clock, he and Hogan went over to Kate Taylor's house, and that he had occasion to stop on the way and Hogan went on up to the house and reported to him that the window was broken out and that Kate Taylor was not there." He also stated, "that they went all the way over there together, and that he (Coleman) had discovered the window broken open and went and looked in, and that the tracks they found were his, made during the afternoon, and at the time he looked in." And again, "that he stopped by a tree nearby, while Hogan looked in." The objections urged to this testimony were that the statements were incompetent and improper—not being a part of the res gestæ; nor in the nature of a confession, and would only be proper on rebuttal to discredit any statement made by defendant. Further objection was urged that it was incompetent and improper to show a conspiracy, unless the conspiracy is established by other substantial testimony connecting this defendant as a principal in the perpetration of the crime charged. This evidence was clearly admissible. It was indicative of his presence at the time and place of the burglary; and of his connection with Hogan, who is indisputably shown to have committed the breaking.

The court gave a charge upon the law of principals. Objection was urged to this charge, because, "said instruction is not based on any evidence produced on the trial of the cause." We are of opinion that the evidence does suggest the issue of appellant being a principal. The house was broken into through a window; Hogan was seen in the house, and witness testified that some one was in the house besides Hogan, whom he did not see, but heard Hogan talking to him. Appellant admits that he was at the house just on the outside and looked in at the window. This, and other evidence, in our opinion, justified the court in charging on the law of principals.

Without going into a detailed statement of the evidence, we are of opinion that it is sufficient to justify the conviction. The judgment is affirmed.

*Affirmed.*